UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY BOWES and CHRISTOPHER K. STARKEY, <br><br> Plaintiffs, <br><br> vs. <br><br> INDIANA SECRETARY OF STATE, in her official capacity, INDIVIDUAL MEMBERS OF THE INDIANA ELECTION COMMISSION, in their official capacities; and GOVERNOR OF THE STATE OF INDIANA, in his official capacity, <br><br> Defendants. | 1:14-cv-1322-RLY-DML |

**ENTRY ON PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION**

On Thursday, October 30, 2014, the court held a hearing on the Amended Motion for Preliminary Injunction filed by the plaintiffs herein, Gregory Bowes and Christopher Starkey. At the conclusion of the hearing, the court issued a bench ruling **DENYING** the motion because, *inter alia*, the motion was untimely. Consistent with that ruling, the court issues the following written order.

**I.    Factual and Procedural Background**

The procedural history of this case is important to the court's disposition. The court therefore includes a detailed procedural history into the factual background section of this Entry.

1

On November 1, 2012, Common Cause Indiana, sought a declaration that Indiana Code § 33-33-49-13(b), Indiana's method of electing judges to the office of the Marion Superior Court, violates its members' First Amendment right to cast a meaningful vote, and an order permanently enjoining its enforcement. *See Common Cause v. Indiana Secretary of State*, 1:12-cv-1603-RLY-DML. Briefly, that challenged Statute provides that a political party[1] – i.e., the Republican or Democratic Parties – may nominate not more than half of the candidates eligible to sit on the Marion Superior Court through the primary election process. Ind. Code § 33-33-49-13(b). The names of the party candidates nominated and certified to the Marion County Election Board are then placed on the general election ballot. Ind. Code § 33-33-49-13(c). In the general election, the candidates "run at large for the office of judge of the court and not as a candidate for judge of a particular room or division of the court." Ind. Code § 33-33-49-13(a).

The primary for the office of the Marion Superior Court was held on May 6, 2014. According to the Official Indiana Primary Election Totals for Judge of the Superior Court, 11 Democratic candidates, and 8 Republican candidates, ran for the office. (*See* Defendants' Hearing Ex. 1). Pursuant to the challenged Statute, eight Democratic and eight Republican candidates qualified for the general election ballot vying for 16 open positions on the court. Both of the plaintiffs in this action lost in the Democratic primary;

---

[1] Primary elections are held by parties whose candidates for Indiana Secretary of State receive 10% of the votes cast in the last general election. Ind. Code § 3-10-1-2. Only the Republican and Democratic Parties meet this threshold.

Mr. Starkey came in 11th with 5,698 votes, and Mr. Bowes came in 10th with 8,551 votes. (*Id*.).

Mr. Starkey was aware of the *Common Cause* lawsuit, and learned from counsel that Common Cause did not intend to take any steps to ensure that a decision in its favor would apply to the November 2014 general election. Mr. Starkey therefore filed, just days before the May 6 Democratic primary election, a motion to intervene in *Common Cause* for the purpose of requesting preliminary injunctive relief that required his candidacy be placed on the general election ballot. On June 18, 2014, the Magistrate Judge denied that motion for two reasons. First, she found Mr. Starkey's motion was not timely, as he should have known from the public docket that Common Cause had never sought preliminary injunctive relief. Second, she found that Mr. Starkey should have known no later than the pretrial conference scheduled on January 17, 2014, that this case might not be resolved in sufficient time to affect the November 2014 election. "Any hope [Mr. Starkey] may have harbored for Common Cause to change its litigation strategy and seek preliminary injunctive relief was not a reasonable basis for delaying seeking intervention." (1:12-cv-1603-RLY-DML, Order Denying Motion to Intervene, Filing No. 62 at 3). She further found that Mr. Starkey "lack[ed] an interest in the subject matter of this litigation that will be impaired or impeded without his participation." (*Id*.). Specifically, she found that nothing prevented Mr. Starkey from filing his own challenge to the constitutionality of the challenged Statute, "[b]ut he has no right at this late stage to alter the course of this case. . . ." (*Id*.). Mr. Starkey timely filed an objection, and, along

3

with Gregory Bowes, filed the present action on August 11, 2014. At that time, the case was assigned to District Judge Sarah Evans Barker.

Plaintiffs' Complaint in this action mirrors that filed by Common Cause in 1:12-cv-1603-RLY-DML. On the same day the Complaint was filed, Plaintiff also filed a motion for preliminary injunctive relief, requiring the State of Indiana to put Mr. Starkey's and Mr. Bowes' candidacies on the November 2014 general election ballot, and a motion for speedy hearing.

On August 14, 2014, Plaintiffs moved to have this case transferred to Chief Judge Young. The Magistrate Judge thereafter issued an order setting a conference for September 15, 2014, the purpose of which was to set a briefing schedule on Plaintiffs' pending motion for preliminary injunction. (*See* Order Setting Status Conference, Filing No. 16). On September 5, 2014, the Magistrate Judge vacated the conference, and on September 8, 2014, the matter was reassigned to Chief Judge Young.

On September 19, 2014, Plaintiffs moved for a summary ruling on their motion for preliminary injunction on grounds the Defendants had failed to respond. On October 2, 2014, the court denied that motion for three reasons, including, but not limited to, the fact that ballots had already been printed or inputted into electronic voting machines, and early voting was scheduled to begin on October 6, 2014. (*See* Entry on Plaintiffs' Request for Summary Ruling, Filing No. 26).

On October 9, 2014, the court granted the Plaintiff's motion for summary judgment in *Common Cause*, and declared that Indiana Code § 33-33-49-13(b) is unconstitutional. (*See* 1:12-cv-1603-RLY-DML, Entry on the Parties' Cross Motions for

4

Summary Judgment, Filing No. 70). Out of an abundance of caution so as not to disrupt the upcoming election, the court stayed its decision pending appeal.

The following day, the Magistrate Judge held a status conference, at which time she ordered Plaintiffs to "file a motion or other paper that addresses the October 9 ruling in *Common Cause*" and to address "the propriety of and authority for any remedy they seek as preliminary injunctive relief." (Entry and Order from Status Conference, Filing No. 28). Plaintiffs thereafter filed the present motion on October 15, 2014.

As of October 29, 2014, 9,780 absentee ballots have been cast by Marion County voters for the November 2014 general election. (Defendants' Hearing Ex. 1).

## II. Laches

"The defense of laches bars an action when the plaintiff's delay in filing the claim (1) is unreasonable and inexcusable, and (2) materially prejudices the defendant." *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 733 (7th Cir. 2003); *Herman v. City of Chicago*, 870 F.2d 400, 401 (7th Cir. 1989) ("Laches comes into play when an inexcusable delay produces prejudice to the defendant."); *Knox v. Milwaukee Cnty. Bd of Elections Comm'rs*, 581 F.Supp. 399, 402 (E.D. Wis. 1984) (applying defense of laches to a request for injunctive relief). In general, the decision to apply the doctrine of laches lies on a sliding scale: "the longer the plaintiff delays in filing her claim, the less prejudice the defendant must show in order to defend on laches." *Smith*, 338 F.3d at 734. In the election context, "this means that any claim against a state electoral procedure must be expressed expeditiously." *Fulani v. Hogsett*, 917 F.2d 1028, 1031 (7th Cir. 1990). This is because, "[a]s time passes, the state's interest in proceeding with the election increases

5

in importance as resources are committed and irrevocable decisions are made." *Id*. The candidates' claims to be considered serious contenders on the ballot "become less credible by having slept on their rights." *Id*.

In this case, Mr. Starkey sought to intervene in *Common Cause* on May 2, 2014, 18 months after that lawsuit was filed, 2 business days before the primary election, and 6 months before the general election. The Magistrate Judge correctly denied that motion. The motion simply came too late, particularly in light of the fact that the relief Mr. Starkey sought was to *overturn* the results of the *primary* election as a means to appear on the general election ballot. (*See* 1:12-cv-1603-RLY-DML, Intervenor Complaint for Declaratory and Injunctive Relief, Request for Relief, Filing No. 48 (seeking an "Order that all primary candidates for judge of the Marion Superior Court who finish in the top sixteen in the primary set for 6 May 2014 for either party be placed on the general election ballot for 4 November 2014, including early voting"). Plaintiffs, practicing lawyers in the Indianapolis area, were aware of this case and easily could have filed the present lawsuit long before they did.[2] Their delay in filing the present lawsuit is unreasonable and inexcusable.

Further, the court's ruling in *Common Cause* is stayed pending a ruling by the Seventh Circuit Court of Appeals. The stay means, as a practical matter, that the status quo – *i.e*., the challenged Statue – remains the law in Marion County. To grant the

---

[2] At the hearing, Mr. Bowes admitted that he did not think to challenge the Statute until he lost the Democratic primary election. Had he finished in the top eight, in his words, "the issue would have been moot" as to him.

Plaintiffs the relief they seek and order that their names appear on the general election ballot would be inconsistent with that stay.

In addition, such an order would cause extreme prejudice to the Defendants. First, it would disenfranchise those Marion County voters who have already cast ballots, and this is no small matter; as of October 29, 2014, approximately 10,000 Marion County registered voters cast their ballots for Marion Superior Court Judge. Second, it would cause undue expense to the Marion County Election Board, as it would be forced to issue over 600,000 new ballots for purposes of the November 4 general election. In any event, the Marion County Election Board is not a party to this action. Thus, it is not clear that the court could even order the Marion County Election Board to take that type of extraordinary action at this late date. Third, the requested relief would cause undue confusion to the Marion County electorate, as both Mr. Starkey and Mr. Bowes lost in the Democratic primary election. Lastly, the court's ruling in *Common Cause* came as a result of cross-motions for summary judgment. The Seventh Circuit standard of review for motions of that sort is *de novo*. Consequently, as much as the court would like to think its ruling will be affirmed, there are no guarantees. The Court could easily interpret the relevant case law, including *New York State Board of Elections v. Lopez-Torres*, 552 U.S. 196 (2008), differently than this court, resulting in reversal. For these reasons, the court finds Plaintiffs' motion for injunctive relief is barred by laches.

## III. Conclusion

For the reasons set forth above, Plaintiffs' Amended Motion for Preliminary Injunction (Filing No. 29) is **DENIED**. In addition, Plaintiffs' Motion for Preliminary

Injunction (Filing No. 5) and Motion for a Speedy Hearing (Filing No. 7) are **DENIED as MOOT**.

**SO ORDERED** this 19th day of November 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.