UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY P. BOWES and ) | |
| CHRISTOPHER K. STARKEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 1:14-cv-01322-RLY-DML |
| vs. ) | |
| ) | |
| INDIANA SECRETARY OF STATE, in ) | |
| her official capacity; ) | |
| INDIVIDUAL MEMBERS OF THE ) | |
| INDIANA ELECTION COMMISSION, in ) | |
| their official capacities; ) | |
| GOVERNOR OF THE STATE OF ) | |
| INDIANA, in his official capacity ) | |
| CLERK OF MARION COUNTY; in her ) | |
| official capacity; and ) | |
| INDIVIDUAL MEMBERS OF MARION ) | |
| COUNTY ELECTION BOARD, in their ) | |
| official capacities, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs, Gregory P. Bowes and Christopher K. Starkey, lost in the May 2014 Democratic primary for the office of Marion Superior Court Judge. Shortly before the general election, this court held that the statute that was used to conduct the election, Indiana Code § 33-33-49-13(b) (the "Statute"), was unconstitutional. The court's ruling was stayed and later affirmed by the Seventh Circuit Court of Appeals. Plaintiffs now seek a special election. The parties have briefed the issue in their respective motions for summary judgment. For the reasons explained below, the court finds a special election is

1

not appropriate. Therefore, the court **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** Plaintiffs' Motion for Summary Judgment.

## I. Background

The facts of this case have been addressed in prior entries and are undisputed.

On November 1, 2012, Common Cause Indiana sought a declaration that Indiana's statutory method of electing judges to the office of the Marion Superior Court violates its members' First Amendment right to cast a meaningful vote, and an order permanently enjoining its enforcement. *See Common Cause v. Indiana Secretary of State*, No. 1:12-cv-1603-RLY-DML. Briefly, that challenged Statute provided that a political party – i.e., the Republican or Democratic Parties – may nominate not more than half of the candidates eligible to sit on the Marion Superior Court through the primary election process. Ind. Code § 33-33-49-13(b). The names of the party candidates nominated and certified to the Marion County Election Board were then placed on the general election ballot. Ind. Code § 33-33-49-13(c). In the general election, the candidates "r[a]n at large for the office of judge of the court and not as a candidate for judge of a particular room or division of the court." Ind. Code § 33-33-49-13(a).

The primary for the office of the Marion Superior Court was held on May 6, 2014. According to the Official Indiana Primary Election Totals for Judge of the Superior Court, eleven Democratic candidates, and eight Republican candidates, ran for the office. (Filing No. 66-1, Notice of Joint Stipulations ¶¶ 3, 5, 11). Pursuant to the Statute, eight Democratic and eight Republican candidates qualified for the general election ballot vying for sixteen open positions on the court. Plaintiffs in this action lost in the

Democratic primary; Mr. Starkey came in 11th with 5,698 votes, and Mr. Bowes came in 10th with 8,551 votes. Thus, Plaintiffs' names were not included on the general election ballot. (*Id.*).

On May 2, 2014, the Friday before the May 6 primary, Mr. Starkey filed a Motion to Intervene in *Common Cause* for the purpose of requesting preliminary injunctive relief that required his candidacy be placed on the general election ballot. On June 18, 2014, the Magistrate Judge denied that motion for two reasons. First, she found that Mr. Starkey should have known from the public docket that Common Cause had never sought preliminary injunctive relief, and that he had no right to change the course of the litigation at that late stage. Second, she found Mr. Starkey lacked an interest in the subject matter of the litigation that would be impaired or impeded without his participation. In other words, he could file his own challenge to the constitutionality of the Statute.

On August 11, 2014, less than three months before the November 4 general election, Mr. Starkey, along with Mr. Bowes, filed the present case. Their Complaint mirrored the Complaint in *Common Cause*, but also requested preliminary injunctive relief requiring the State of Indiana to put their candidacies on the November 2014 general election ballot.

On October 6, 2014, early voting commenced in Marion County. (*See* Filing No. 41, Am. Compl. ¶ 38). On October 9, 2014, the court ruled in favor of Common Cause and held the Statute facially unconstitutional. *See Common Cause Indiana v. Indiana Secretary of State, et al.*, 60 F.Supp.3d 982 (S.D. Ind. 2014). The court permanently

3

enjoined the State from enforcing the Statute, but, in an abundance of caution, stayed its ruling pending a final determination by the Seventh Circuit Court of Appeals. On September 9, 2015, the Seventh Circuit affirmed. *Common Cause Indiana v. Individual Members of the Indiana Election Comm'n.*, 800 F.3d 913 (7th Cir. 2015).

On November 7, 2014, Plaintiffs filed a Motion for Leave to File Amended Complaint to reflect the court's ruling in *Common Cause* finding the challenged Statute unconstitutional and to add two defendants, the Marion County Clerk and the Marion County Election Board. That motion was granted on January 22, 2015. Plaintiffs' Amended Complaint sought a ruling from this court finding Indiana Code 33-33-49-13(b) unconstitutional and requested a permanent injunction: (1) prohibiting Defendants from enforcing the Statute, (2) ordering the Election Commission to advise local election authorities that the challenged statute may not be enforced, and (3) prohibiting the Governor of Indiana from awarding any commissions to persons elected as judge in Marion County under the challenged statute. (Am. Compl., Request for Relief ¶¶ 3(a)-(c)). In light of the Seventh Circuit's affirmance of *Common Cause*, these requests for relief are now moot. The only issue left for decision is whether the court should "[v]oid the results of the 2014 general election for Marion Superior Court Judge" and "[o]rder Defendants to hold a special election for Marion Superior Court Judge." (*Id.* ¶¶ 4, 5).

## II. Discussion

Plaintiffs seek a special election "to vindicate their First and Fourteenth Amendment rights." Their proposal is as follows:

> [O]rder the Marion County Clerk to include the election of Marion Superior Court Judge with the 2016 General Election ballot. The Clerk should be required to name the eleven Democratic Party nominees and the eight Republican Party nominees from the 2014 Primary Election as the only candidates. The sixteen winners should be commissioned as judges under Indiana Code § 4-3-1-5(4) as soon as the election results are determined by law. The term of any judge improperly elected in 2014 who is not successful in the special election shall have his or her term expire upon the commission of the judges properly elected in the special election.

(Filing No. 59, Pls.' Mem. at 15).

*Gjersten v. Bd. of Election Comm'rs for City of Chicago*, relied upon by both parties, provides guidance on when a special election is an appropriate remedy. 791 F.2d 472 (7th Cir. 1986). The election law at issue in *Gjersten* involved the signature requirement for a candidate to appear on the general election ballot for ward committeeman and township committeeman. A candidate for ward committeeman required signatures from ten percent of the primary electors, whereas a candidate for township committeeman only required signatures from five percent of the primary electors. *Id.* at 474. Plaintiffs, candidates for ward committeeman who did not make the ten-percent signature requirement challenged the constitutionality of the statute on equal protection grounds and won. *Id.* The court found the appropriate remedy was a special election in each ward in which a plaintiff met the five-percent signature requirement. *Id.* at 475. Defendants appealed.

On appeal, the Seventh Circuit affirmed the district court's ruling on the constitutionality of the statute, but reversed the order requiring a special election. *Id*. at 478-79. Notably, the court stated:

> The remedy of a special election has been described by courts as 'drastic if not staggering.' *Bell v. Southwell*, 376 F.2d 659, 662 (5th Cir. 1967), and as an 'extraordinary remedy which courts should grant only under the most extraordinary of circumstances.' *Smith v. Paris*, 257 F.Supp. 901, 905 (M.D. Ala. 1966), *modified*, 386 F.2d 979 (5th Cir. 1967). A federal court reaching into the state political process to invalidate an election necessarily implicates important concerns of federalism and state sovereignty. It should not resort to this intrusive remedy until it has carefully weighed all equitable considerations.

*Id.* at 479. The equitable considerations include: (1) "whether the plaintiffs filed a timely pre-election request for relief" and (2) whether the plaintiffs have demonstrated "that the unconstitutional practice had a significant impact on the particular election they seek to have declared invalid." *Id.* If the plaintiffs establish these elements, "the court must balance the rights of the candidates and voters against the state's significant interest in getting on with the process of governing once an electoral cycle is complete." *Id.* The court further observed:

> Special elections not only disrupt the decision-making process but also place heavy campaign costs on candidates and significant election expenses on local government. The state also has an interest in placing a reasonable limit on the number of times voters are called to the polls.

*Id.* (citing *Lynch v. Illinois State Bd. of Elections*, 682 F.2d 93, 97 (7th Cir. 1982)).

### A. Pre-Election Request for Relief

As noted previously, Plaintiffs filed their original Complaint and Motion for Preliminary Injunction on August 11, 2014, just three months before the general election. Between the filing of the Complaint and the November 4 general election, a number of motions were filed, including a Motion to Assign the Case to Chief Judge Young (it was originally assigned to Judge Barker) (Filing No. 10), a Motion for Summary Ruling on

Petition for Preliminary Injunction (Filing No. 21), and an Amended Motion for Preliminary Injunction (Filing No. 29). The Amended Motion for Preliminary Injunction was filed on October 15—nine days after early voting began. Given the short period of time between the filing of the Plaintiffs' Complaint and the general election, Plaintiffs' pre-election request that their names be placed on the November 4 general election ballot was untimely.

### B. Unconstitutional Practice and Balancing of Interests

With respect to whether the "unconstitutional practice"—i.e., Indiana Code § 33-33-49-13(b)—had a significant impact on the election results, Plaintiffs rely on publicly available voter information from the Marion County Clerk for the past four elections. (Filing No. 58, Pl's. Exs. 3-6). They maintain that these "results show a strong likelihood that most or all Democratic Party candidates would prevail over Republican Party candidates." (Pl.'s Mem. at 8). To the extent that is true, and as explained below, Plaintiffs cannot overcome the significant burden a special election would have on the Marion County judiciary, the candidates, the Marion County Clerk, the Marion County Election Board and its volunteers, and the county as a whole.

First, because the court held the entire statutory scheme unconstitutional, there is no process for how to select Marion Superior Court judges. The *Indiana Lawyer* recently published an article stating that Indiana lawmakers "punted the decision until next year." Haley Colombo, *Lawmakers Punt Marion County Judge-Selection Bill to Next Year*, INDIANA LAWYER, May 11, 2016, www.theindianalawyer.com/lawmakers-punt-marion-county-judge-selection-bill-to-next-year/PARAMS/article/39732. Under these

circumstances, ordering a special election is legally unsound. Second, a special election involving only those judicial candidates from the 2014 primary is arbitrary, and Plaintiffs have given no principled reason why only those judges—and not all thirty-six judges—should be required to run again. Third, opening up the Marion County judiciary to reelection would be highly disruptive to the administration of justice. Fourth, a special election would burden the candidates, as it would require them to gather a campaign team, devise a campaign strategy, and fundraise in a truncated campaign season lasting less than six months. Therefore, the court finds that the state's interest in the orderly administration of justice and the stability and reliability of election results outweighs the Plaintiffs' interest in running for office. Plaintiffs' request for a special election is therefore **DENIED**.

### III. Conclusion

For the reasons set forth above, the court **GRANTS** Defendants' Motion for Summary Judgment (Filing No. 66) and **DENIES** Plaintiffs' Motion for Summary Judgment (Filing No. 58).

**SO ORDERED** this 18th day of May 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.